**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                      Case No. 20-20448-7

LUTHER PETERSON

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY TO SEVER**

Defendant Luther Peterson was indicted by a federal grand jury in November 2020. (ECF No. 34.) The two-count superseding indictment charged Racketeering Conspiracy in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(d), under Count One, as well as Conspiracy to Distribute and to Possess with Intent to Distribute Heroin in violation of 21 U.S.C. § 846 under Count Two. While Defendant was in some way implicated in many of the acts falling under Count One, Defendant was charged only in Count Two. (*Id.*, PageID.131, 151-52.)

Before the court is Defendant's "Motion to Dismiss Count Two of the Superseding Indictment or in the Alternative for Misjoinder [sic]." (ECF No. 151.) Defendant claims that Count Two should be dismissed against him because "there is no nexus between the alleged criminal conduct and any conspiracy" and that, under Federal Rule of Criminal Procedure 8(b), Count Two constitutes misjoinder warranting severance. (*Id.*, PageID.525.) The government filed a response. (ECF No. 158.) The

court does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the court will deny Defendant's motion.

## I. DISCUSSION

Defendant claims that the primary issues are (A) whether the superseding indictment's allegations charging him under Count Two are "sufficient to serve as a basis to charge a conspiracy," and (B) "if there are multiple conspiracies charged," whether joinder would affect his substantial rights such that severance is proper. (ECF No. 151, PageID.527.)

### A. Sufficient Basis to Indict for Conspiracy

Defendant first argues that the court must dismiss Count Two because the only specific allegation against him was that he, on one occasion, "sold fentanyl laced heroin to an undercover agent." (ECF No. 151, PageID.525.) This, according to Defendant, is not a "sufficient basis" to show that he was part of a conspiracy. (*Id.*)

As an initial matter, the court disagrees with Defendant's statement that the indictment features only "one specific allegation" pertaining to his overt acts. (*Id.*, PageID.524.) The indictment details how Defendant and his co-defendants participated in a criminal enterprise as members and associates of his gang, It's Just Us ("IJU"). (ECF No. 34, PageID.131-48.) The indictment explains that Defendant was a "lieutenant" of IJU, which frequently engaged in drug-trafficking in furtherance of the IJU. (ECF No. 34, PageID.132, 135-36.) More specifically, in addition to setting out dates in which Defendant possessed controlled substances (*Id.*, PageID.141), the indictment identifies at least five different instances—with particular dates—in which

2

Defendant sold heroin to undercover police officers. (ECF No. 34, PageID.140-41, 147, ¶ 5-6, 9, 12, 44.)

But even without the abundance of allegations against Defendant connecting him to a conspiracy, to the extent Defendant argues that the indictment lacks sufficient evidence of a conspiracy, the court must deny his request to dismiss the indictment. The Sixth Circuit has made clear that it is improper for a defendant to bring a pre-trial motion challenging an indictment on the ground that there is insufficient evidence to support the grand jury's findings. *See United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982) ("When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial."), *cert. denied*, 457 U.S. 1119 (1982); *United States v. Levin*, 973 F.2d 463, 468 n.2 (6th Cir. 1992) (agreeing that "a defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence" and collecting cases). "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345 (1974) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). In short, if a legally constituted and unbiased grand jury returns an indictment that is valid on its face, that is sufficient "to call for trial of the charge on the merits." *Costello*, 350 U.S. at 363 (explaining that allowing pre-trial challenges to indictments on the basis of insufficient evidence would cause significant delays and an influx of "preliminary trials" before a trial on the merits). Defendant does not challenge the indictment as "invalid on its face," nor does he contend that there was a biased or an improperly constituted grand jury. Defendant's argument challenging

3

Count Two is meritless. Defendant may argue "insufficient evidence" at trial, but not here. *See Short*, 671 F.2d at 183 ("[T]he prosecution's evidence is tested at trial, not in a preliminary proceeding."); *United States v. Powell*, 823 F.2d 996, 1000-01 (6th Cir. 1987).

**B. Proper Joinder Under Rule 8(b) and No Severance Required Under Rule 14(a)**

Most of Defendant's motion rests on his argument that Count Two of the superseding indictment constitutes a misjoinder and requires severance. (ECF No. 151, PageID.525.) He argues that the indictment charges "multiple distinct and separate conspiracies," and that "an indictment charging one conspiracy is different from an indictment charging two conspiracies," particularly where "the government chose to indict with various overt acts that have no nexus." (*Id.*, PageID.529.) The government counters that joinder of Counts One and Two is proper because they are "interrelated," noting that "[m]uch of the criminal conduct that makes up the RICO conspiracy charged in count one forms the basis for count two's drug trafficking conspiracy." (ECF No. 158, PageID.588.) The court agrees with the government's characterization of the indictment.

The Federal Rules of Criminal Procedure provide:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). In this regard, defendants are said to have participated in the same act or transaction or a series of acts or transactions when they are "logically interrelated," such as when the acts or transactions are part of a "common scheme or

4

plan." *United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004) (quoting *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985)). Moreover, joinder is proper even though a defendant "did not participate in all acts detailed in the indictment"; rather, "it is sufficient that [he] . . . participated in at least one act in the series of acts that constituted the offense." *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006).

Here, Count One and Two are interrelated as part of a common scheme or plan. As the government correctly points out, Count Two's drug conspiracy charge arises directly out of the "same series of acts or transactions" that constitute Count One's RICO conspiracy offense. The indictment details how the drug-trafficking conspiracy under Count Two was in furtherance of IJU's objectives and racketeering activities under Count One. (ECF No. 34, PageID.139-152.) The indictment expressly states that one of the patterns of racketeering activity under the RICO conspiracy included "[m]ultiple offenses involving the distribution of controlled substances," evincing a clear relationship between Count One and Count Two. (*Id.*, PageID.139.) Joinder is proper in such circumstances. *See, e.g.*, *United States v. Hosseini*, 679 F.3d 544, 554 (7th Cir. 2012) ("[T]he conduct forming the factual basis for the drug-conspiracy charge against [the defendant] is part of the same series of acts and transactions as the RICO-conspiracy and money-laundering charges against both defendants.").

Defendant's reliance on *United States v. Gazie*, 786 F.2d 1116 (6th Cir. 1986) is misplaced. In *Gazie*, there were two clear "distinct and separate conspiracies," one alleging conspiracy to distribute marijuana and the other a conspiracy to distribute cocaine. *Id.* at *4. The defendant in *Gazie* was charged only in the cocaine conspiracy, and the Sixth Circuit found that joinder was prejudicial particularly because a substantial

5

portion of the trial "was spent introducing evidence relevant only to the marijuana conspiracy," and much of that evidence would not have been admissible against the defendant. *Id.* at *6. Additionally, in *Gazie*, there was no relationship between the cocaine and marijuana conspiracies, illuminated by the fact that the two conspiracies occurred during two different periods of time that did not overlap. *Id.* at *5. Here, by contrast, many of the overt acts listed in support of a RICO conspiracy charge are the very basis of the drug-trafficking conspiracy. While in *Gazie* there was "nothing in either the indictment or the proofs at trial linked Gazie in any way to marijuana," *see id.*, the indictment in the present case implicates Defendant in several overt acts that furthered the RICO conspiracy and IJU. (ECF No. 34, PageID.140, 141, 142-43, 145, 146-147, 148.) Most of these acts are linked to Count Two's drug-trafficking conspiracy. (*Id.*) Thus, there is no merit to Defendant's claim that the government "chose to indict with various overt acts that have no nexus" (ECF No. 151, PageID.529-30), particularly where Count Two's conspiracy was an integral part of the common scheme or plan outlined in Count One. *See United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985); *Beverly*, 369 F.3d at 533.

Finally, the court agrees with the government that Defendant has not established that joinder would be prejudicial under Rule 14(a). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *accord United States v. Sherrill*, 972 F.3d 752, 763 (6th Cir. 2020). Generally, a defendant must show

"compelling, specific, and actual prejudice" to justify severance under Rule 14. *United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). Here, Defendant appears to raise a concern for "spillover" evidence between Counts One and Two. (ECF No. 158, PageID.597.) But the "spillover of evidence between counts does not require severance" unless Defendant can demonstrate the existence of "substantial, undue, or compelling" prejudice. *Thomas v. United States*, 849 F.3d 669, 676 (6th Cir. 2017) (internal quotations omitted). Defendant advances only barebones arguments that are largely duplicative of his arguments in support of misjoinder. As such, his generalized arguments fail to convince the court that joinder will compromise a specific trial right or prevent the jury from properly making a judgment about his guilt or innocence. *See United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019) (finding no prejudice or violation of rights against defendant who was not charged with RICO conspiracy but still tried alongside RICO defendants).

## II. CONCLUSION

In keeping with Rule 8(b)'s "long-standing practice of trying conspirators together," *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) (quoting *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir.1985)), the court finds that joinder of Defendant is proper and that severance is not warranted. "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials,' and the court does not discern a risk of undue prejudice or violations of Defendant's trial rights. *See Zafiro*, 506 U.S. at 534 (quoting *Bruton*, 391 U.S. at 131). The government correctly notes that if the court were to "preside over individual trials in this matter, the

7

government would be required to present nearly identical evidence about the existence of IJU, as well as the drug trafficking and violent exploits of its members in each trial." (ECF No. 128, PageID.598.) Accordingly,

IT IS ORDERED that Defendant's "Motion to Dismiss Count Two of the Superseding Indictment or in the Alternative for Misjoinder" (ECF No. 151) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 24, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20.20448.7.PETERSON.MotionToDismissOrSever.MAZ.2.docx